# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Robert Hugh Wilson,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 14-378(3) ADM/LIB

_____

Benjamin Bejar, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Patrick L. Cotter, Esq., Sieben & Cotter, PLLC, South St. Paul, MN, on behalf of Defendant Robert Hugh Wilson.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Robert Hugh Wilson's ("Wilson") Motion for Modification of Sentence [Docket No. 342]. Wilson requests that his sentence be modified or corrected to include credit for time he spent in federal custody while his federal case was pending. For the reasons set forth below, Wilson's Motion is denied.

## II. BACKGROUND

On November 18, 2014, a grand jury returned a five-count Indictment against Wilson and eight co-defendants. Indictment [Docket No. 18]. Wilson was charged with with one count of conspiring to distribute 50 grams or more of methamphetamine actual (Count I) and one count of possession with intent to distribute 50 grams or more of methamphetamine actual (Count III). Id.

Wilson was arrested on September 6, 2014 for the offense conduct, and was initially

detained in state custody on a revocation of his supervised release for a 2012 state felony drug conviction. Presentence Investigation Report ("PSR") at F.1, ¶¶ 36, 90, 92. On November 20, 2014, after being federally indicted, Wilson was transferred to federal custody pursuant to a writ of habeas corpus. PSR at F.1, ¶ 36; Writ [Docket No. 27]; Executed Warrant [Docket No. 74].

On January 13, 2015, Wilson entered a plea of guilty to Count I of the Indictment pursuant to a Plea Agreement. Min. Entry [Docket No. 160]; Plea Agreement [Docket No. 161]. In the Plea Agreement, the parties agreed that Wilson's advisory Sentencing Guidelines range was 130 to 162 months' imprisonment. Plea Agreement ¶ 5.f. This Guidelines range matched the range calculated in the PSR prepared by the U.S. Probation Office. PSR ¶¶ 3, 129, 131.

On May 19, 2015, approximately six months after he was transferred to federal custody, Wilson was sentenced to 124 months' imprisonment. Sentencing J. [Docket No. 211] at 2; Hr'g Tr. [Docket No. 340] at 11. The sentence represented a six-month downward variance from the bottom end of the advisory Guidelines range. The Court stated it would recommend that Wilson's federal sentence be served concurrently with his current state court sentence. Hr'g Tr. at 12. The Court further stated that Wilson was to receive credit for time served, but clarified that "[t]he Bureau of Prisons will deal with the issues of what part of your sentence has been federal custody." Id.

Wilson now moves to modify his sentence under Federal Rule of Criminal Procedure 36. He argues that the Court ordered at sentencing that credit for the time served would be applied to his 124-month sentence, and that the sentencing judgment mistakenly omitted the custody credit.

### III. DISCUSSION

The Court lacks authority to grant Wilson's Motion. The determination of a defendant's

2

credit for time spent in official detention is made by the United States Attorney General after a defendant is sentenced, not by a district court at sentencing. United States v. Wilson, 503 U.S. 329, 333 (1992); United States v. Moore, 978 F.2d 1029, 1031 (8th Cir. 1992). The Attorney General has delegated its authority to compute the credit to the federal Bureau of Prisons ("BOP"). Moore, 978 F.2d at 1031 (citing 28 C.F.R. § .096). If a defendant believes the BOP has miscalculated his custody credit, he is entitled to administrative review of the computation. Wilson, 503 U.S. at 335; United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006) (citing 28 CFR §§ 542.10–542.16). After properly exhausting these administrative remedies, a defendant may seek judicial review by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Id.

Because the BOP, rather than the district court, is responsible for computing the credit, Wilson's Motion is denied.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Robert Hugh Wilson's Motion for Modification of Sentence [Docket No. 342] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 11, 2018.